**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS C. ALLEN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EARLIE B. BERRY, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1210-CR-455 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr. Judge
Cause No. 02D06-1206-FC-190

**April 17, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Earlie Berry, Jr., appeals his conviction for Class C felony burglary. We affirm.

**Issue**

Berry raises one issue, which we restate as whether there is sufficient evidence to support his conviction.

**Facts**

On June 9, 2012, Olivia Chavers was in the process of moving out of her house in Fort Wayne. When she left that afternoon, boxes and bags of personal items remained, as well as a washer, dryer, and a window air conditioner. The washer and dryer were still functional and the air conditioner was installed in a window. Chavers locked the home's two doors, including the dead bolts, before she left.

When Chavers returned around 9:00 a.m. the next morning with her boyfriend, Marcus Coleman, she saw a man she did not know, later identified as Berry, coming out of her front door holding her trashcan. Chavers confronted Berry, who gave her several excuses for being in the house, and Coleman called the police. At that time, the door jamb to the front door was broken, the air conditioner was gone, clothes and other items were missing, the washer and dryer were disconnected, and the dryer was loaded onto a dolly. Berry also had a wrench in his pocket.

The State charged Berry with Class C felony burglary and later alleged that he was an habitual offender. Berry testified at the jury trial that Jamal Taylor broke into the house and that Berry was only there to have sex with Taylor to earn money for drugs. Berry also testified that he was holding the trashcan because he was sick from the drugs

2

he had taken earlier in the day. According to Berry, he had the wrench in his pocket because he had been looking for copper in abandoned houses earlier that morning. Berry was found guilty of Class C felony burglary and found to be an habitual offender. Berry now appeals the burglary conviction.

**Analysis**

Berry argues there is insufficient evidence to support his conviction. The standard of review for claims of insufficient evidence is well settled. We do not reweigh the evidence or judge the credibility of the witnesses, and we respect the jury's exclusive province to weigh conflicting evidence. Jackson v. State, 925 N.E.2d 369, 375 (Ind. 2010). We consider only the probative evidence and reasonable inferences supporting the verdict and affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. Id.

A person who breaks and enters the building or structure of another person, with the intent to commit a felony in it commits Class C felony burglary. Ind. Code § 35-43-2-1. The State alleged that Berry broke and entered Chavers's house with the intent to commit theft. Berry argues that the State failed to prove he intended to commit theft because there was no evidence that he had a vehicle at the scene to move the items, because the stolen items were not found in his possession, and because he did not flee when Chavers arrived and he complied with the police.

Berry's argument is nothing more than a request to reweigh the evidence. Chavers and Coleman testified that the house was locked when they left. When they returned, the

3

front door jamb was broken, Berry was coming out of the door with Chavers's trashcan in his hands, items were missing from the house, the washer and dryer had been disconnected, and Berry had a wrench in his pocket. Taylor testified that, although he knew Berry and had a brief conversation with him near Chavers's house around 8:00 a.m. that morning, he did not tell Berry he could go into the house and take property. Taylor also testified that he had never been inside Chavers's house. This is sufficient evidence from which the jury could infer that Berry broke and entered Chavers's house with the intent to commit theft.

## Conclusion

There is sufficient evidence to support Berry's burglary conviction. We affirm.

Affirmed.

NAJAM, J., and BAILEY, J., concur.